Jones, J.
(dissenting). The plaintiff was a passenger in one of the Belt road cars, drawn by horses. While this car was being driven on its course up-town upon the company’s track, laid down in Tenth avenue, a collision occurred between it and one ,of the locomotives of the defendants, which, coming out of the depot inclosure, situated on the block bounded by Twenty-ninth and Thirtieth streets and the Ninth and Tenth avenues, and running on a track of the defendants which crosses the Belt road track at an angle a few feet south of the southerly line of Thirtieth street, struck the Belt road car at that point. By the collision the plaintiff received the injuries in respect whereof this' action was brought.
The plaintiff adduced proof which, if believed, showed that at the time the locomotive made its appearance outside the gate on the easterly side of the Tenth avenue, the Belt car was so near it that its only safety was to endeavor by an increase of speed to pass in front, inasmuch as if it broke up, the locomotive would strike it in the centre; that the locomotive could not be seen coming until it appeared outside the gate ; that no intimation was given of its coming, either by flag, or bell, or blowing *330 the whistle, and that the only hallooing or shouting was just about the time of the collision.
The defendant adduced evidence showing that no flag was displayed (folio 137) in such manner as to attract attention; that from the avenue the locomotive can be seen coming while it is in the depot yard and before it reaches the gate; that when the Belt car was forty or fifty feet south of the point of collision several of the employes of the defendants warned the driver of the Belt car, and endeavored to cause him to stop by waving their hands and shouting' at him; one witness swore that he was standing forty-eight feet south of the point of collision when the Belt car passed him, and he then called to its passengers and .said, “Jump out of that car” (folio 117, compare with folios 60 and 62). Another witness swears he hallooed, “Wide awake! look out! stand aside! keep clear!” (folio 135). One of the bralcemen on the locomotive train began to break up before the engineer whistled “ on brakes ” (folio 151). The defendants’ proof tended to show that the engineer rang the bell and sounded the whistle of his locomotive.
The jury rendered a verdict against both defendants. The appellant, the Hudson River Railroad Company, moved for a new trial, on the ground, among others, that the verdict was against the weight of evidence. The motion was denied and the judgment was entered on the verdict. The defendant the Hudson River Railroad Company appealed from the judgment, and also from the order refusing to grant a new trial.
From the case on appeal it would seem that the preponderance of proof was clearly in favor of the appellant. But this is not of itself a sufficient reason for setting aside a verdict. It is the province of the jury to decide on conflicting evidence, and consequently when the evidence is not of such a character a's to make it error in the judge to refuse a motion to take the case from the jury, the verdict when rendered must stand, unless it is manifest that the jury have not passed on the conflicting evidence, but have rendered a verdict without any regard to the testimony in the case. Such cases do not often *331 arise; but they do occasionally, and I think this is one of the instances.
The jury have found both the defendants guilty of negligence; a verdict wholly unwarranted by the evidence, and which does not pass on the conflicting evidence. The case shows a marked conflict between the witnesses Flanagan, O’Brien, Mc-Keon, and McDonald, and the witnesses Cuddy, Roach, Hogan, Lockett, A flick, McBride, and Smith. These are the only two sets of witnesses who throw any light upon the manner in which the collision occurred.
According to the testimony of the first set, it occurred through negligence on the part of the Hudson River Railroad Company, without any concurring negligence on the part of the Belt car.
According to the second set, it occurred through the negligence of the Belt car, without any concurring negligence on the part of the Hudson River Railroad Company.
If the jury had found against either company and in favor of the other, the verdict would have passed on this conflict, and it would not have been disturbed now, because the court thought the evidence preponderated the other way.
But (they have found a verdict which there is not an atom of evidence to support, and which has not passed on the conflict of testimony.
The verdict is not based upon any credit given to the first set of witnesses superior to that given to the second. The case therefore comes before the General Term without a verdict establishing such superiority, and it necessarily presents to the' Court the question whether the Court will weigh between the two sets of witnesses, and determine for itself to which set the greater evidence is due.
This, I think, the Court, even if it had the power, should not undertake to do, but should submit that question of credibility to be passed on by another jury, under suitable instructions by the then presiding' justice.
The judgment should be reversed, with costs to appellant to ■abide the event.